UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY KRAUS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DING CHAUN CHEN,<br><br>　　　　Defendant. | No.  2:19-cv-00220 WBS AC<br><br><br>FINDINGS AND RECOMMENDATIONS |

This matter is before the court on plaintiff's motion for default judgment. ECF No.37. This motion was referred to the undersigned pursuant to E.D. Cal. R. 302(c)(19). The matter was set to be heard on the papers. ECF No. 38. Defendant did not file an opposition or take any actions in this case. For the reasons stated below, the court recommends that plaintiff's motion be granted.

### I.    Relevant Background

As stated in his complaint, plaintiff is a person with physical disabilities, including a back injury that requires the use of a wheelchair for mobility. ECF No. 1 at 1. Defendant Ding Chuan Chen is alleged to be the real property owner of the building/parcel located at 544 Alhambra Street, Vallejo, California as of February 2018 ("the Property"). Id. Plaintiff asserts that the Property contains two businesses called Peppers Fashions and Panchocisco Tunes, which are facilities open to the public, places of public accommodation for nonresidential use, and business establishments. Id. at 2. There is a parking lot on the Property. Id.

Plaintiff went to visit the business establishments in February 2018 but found that there were no accessible parking spaces reserved for persons with disabilities. ECF No. 1 at 3. Plaintiff alleges that there used to be an accessible parking space, but that defendant has allowed it to fade or get paved over. Id. Plaintiff was, and continues to be, deterred from visiting the Property because of his awareness of existing barriers. Id. at 4. Plaintiff will return to the Property once the barriers are removed. Id.

On February 5, 2019, plaintiff filed this action alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., and the Unruh Civil Rights Act, Cal. Civ. Code § 51-53. ECF No. 1. The summons and complaint were initially served on the incorrect individual, who was subsequently replaced with the accurate defendant. ECF No. 18, 31. The correct defendant (Ding Chaun Chen), who has the same name as the initially wrongly served individual, was served by publication and default was entered against him. ECF Nos.16, 24. On January 19, 2021, plaintiff moved for default judgment. ECF No. 37. The motion for default judgment was served on the defendant. ECF No. 39-1. Defendant did not oppose the motion and has not otherwise appeared or taken any action in this case.

**II.     Motion**

Plaintiff moves for default judgment on his claims under the ADA and the Unruh Civil Rights Act and seeks injunctive relief, statutory damages, attorneys' fees, and costs. ECF No. 37-9 at 2.

**III.    Analysis**

A. Legal Standard

Pursuant to Fed. R. Civ. P. 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. See Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924–25 (9th Cir. 1986)); see Fed. R. Civ. P. 55(b) (governing the entry of default judgments). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion.

Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).  In making this determination, the court may consider the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986).  Default judgments are ordinarily disfavored.  Id. at 1472.

      As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages.  TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); see also Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).  Although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default."  Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)); accord DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law") (citation and quotation marks omitted); Abney v. Alameida, 334 F. Supp. 2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim.").

    B.  The Eitel Factors

        a.  Factor One: Possibility of Prejudice to Plaintiff

      The first Eitel factor considers whether the plaintiff would suffer prejudice if default judgment is not entered, and such potential prejudice to the plaintiff weighs in favor of granting a default judgment.  See PepsiCo, Inc., 238 F. Supp. 2d at 1177.  Here, plaintiff would suffer prejudice if the court did not enter a default judgment.  Absent entry of a default judgment, plaintiff would be without recourse for recovery.  Accordingly, the first Eitel factor favors the entry of default judgment.

      b. <u>Factors Two and Three: Merits of Claims and Sufficiency of Complaint</u>

    The merits of plaintiff's substantive claims and the sufficiency of the complaint are considered here together because of the relatedness of the two inquiries.  The court must consider whether the allegations in the complaint are sufficient to state a claim that supports the relief sought.  See <u>Danning</u>, 572 F.2d at 1388; <u>PepsiCo, Inc.</u>, 238 F. Supp. 2d at 1175.  Here, the merits of the claims and sufficiency of the complaint favor entry of default judgment.

    Plaintiff brings two causes of action: violations of the American's with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"), and the Unruh Civil Rights Act, Cal. Civ. Code § 51-53 ("UCR").   The merits of each of these claims are assessed below.

      *1.  ADA Claim*

    "Title III of the ADA prohibits discrimination in public accommodations...."  <u>Kohler v. Bed Bath & Beyond of California, LLC</u>, 780 F.3d 1260, 1263 (9th Cir. 2015).  The elements of a Title III claim are: (1) plaintiff is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was discriminated against by the defendant because of plaintiff's disability.  42 U.S.C. § 12182(a); <u>Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc.</u>, 603 F.3d 666, 670 (9th Cir. 2010).  Discrimination, in this context, includes "a failure to remove architectural barriers ... in existing facilities ... where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv).

    Plaintiff alleges discrimination in this case resulting from defendants' failure to provide adequate accessible parking spaces.  Under the 2010 ADA Standards, one in every six accessible parking spaces must be van accessible.  2010 ADA Standards for Accessible Design, § 208.2.4.  The facts alleged in plaintiff's complaint adequately detail the claimed violation, and taken as true, support plaintiff's ADA claim.  ECF No. 1.  Further, the Americans with Disabilities Act Accessibility Guidelines, found in the ADA's implementing regulations at 28 C.F.R. Part 36 ("ADAAG") has been held by the Ninth Circuit to provide the "objective contours of the standard that architectural features must not impede disabled individuals' full and equal enjoyment of accommodations." <u>Chapman v. Pier 1 Imports (U.S.) Inc.</u>, 631 F.3d 939, 945 (9th Cir. 2011).

Plaintiff alleges there were no accessible parking spaces, preventing him from visiting the establishment. ECF No. 37-1 at 9. Accordingly, plaintiff alleges defendants failed to provide accessible parking located on the shortest accessible route of travel to the Property entrance, pursuant to 1991 ADAAG § 4.6.2 and 2010 Standards § 208.3.1. "Because the ADAAG establishes the technical standards required for "full and equal enjoyment," if a barrier violating these standards relates to a plaintiff's disability, it will impair the plaintiff's full and equal access, which constitutes "discrimination" under the ADA. Chapman, 631 F.3d at 947. Because plaintiff has alleged violations of the ADAAG that relate to his disability, he has properly alleged violations of the ADA. The merits of plaintiff's case thus favor entry of default judgment.

    2. The Unruh Act

Under California's Unruh Act, "[a] violation of the right of any individual under the federal Americans with Disabilities Act of 1990...shall also constitute a violation of this section." Cal. Civ. Code § 51(f). In addition, the Unruh Act independently prohibits discrimination, if it is done in contravention of Section 51. Cal. Civ. Code § 52(a). Section 52(a) provides for statutory damages of no less than $4,000 for each violation, and attorney's fees. Id.

Because plaintiff has shown that defendants are in violation of Title III of the ADA, specifically, the failure to provide accessible parking, he has also shown that defendants are in violation of the Unruh Civil Rights Act. Lentini v. California Ctr. for the Arts, Escondido, 370 F.3d 837, 847 (9th Cir. 2004) ("a violation of the ADA is, per se, a violation of the Unruh Act"). Plaintiff is therefore entitled to a default judgment on this claim.

    c. Factor Four: The Sum of Money at Stake in the Action

Under this Eitel factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1176–77. Plaintiff seeks $4,000.00 in statutory damages for a single incident, and $4,037.57 in attorney's fees and costs. ECF No. 37-1 at 10. The complaint offers no information about the defendants' financial condition, so the court cannot tell if this is a significant amount of money to defendants. However, there is no evidence that defendants took any action after being served with the

////

summons and complaint in order to avoid a judgment of this size. This factor accordingly does not weigh against default judgment.

         d.   Factor Five: Possibility of Dispute Concerning Material Facts

The facts of this case are relatively straightforward, and plaintiff has provided the court with well-pleaded allegations supporting its claims and affidavits in support of its allegations. Here, the court may assume the truth of well-pleaded facts in the complaint (except as to damages) following the clerk's entry of default and, thus, there is no likelihood that any genuine issue of material fact exists. See, e.g., Elektra Entm't Grp. Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."); accord Philip Morris USA, Inc., 219 F.R.D. at 500; PepsiCo, Inc., 238 F. Supp. 2d at 1177.

         e.   Factor Six: Whether Default Was Due to Excusable Neglect

Upon review of the record before the court, there is no indication that the default was the result of excusable neglect. See PepsiCo, Inc., 238 F. Supp. 2d at 1177. Plaintiff served the defendant by publication after receiving permission by the court to do so. ECF Nos. 14, 17. Moreover, plaintiff served defendant by mail with notice of its application for default judgment. ECF No. 39-1. Despite notice of this lawsuit and plaintiff's intention to seek a default judgment, defendant failed to defend itself or appear in this action. Thus, the record supports a conclusion that the defendant has chosen not to defend this action, and not that the default resulted from any excusable neglect. Accordingly, this Eitel factor favors the entry of a default judgment.

         f.   Factor Seven: Policy Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. PepsiCo, Inc., 238 F. Supp. 2d at 1177; see also Craigslist, Inc. v. Naturemarket, Inc., 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010). Accordingly, although the court is cognizant of the policy favoring decisions on the merits-and consistent with existing policy would prefer that this case be

1 | resolved on the merits-that policy does not, by itself, preclude the entry of default judgment.

2 |     Upon consideration of the Eitel factors, the court concludes that plaintiff is entitled to the

3 | entry of default judgment against defendants and makes a recommendation to that effect.  What

4 | remains is the determination of the amount of damages to which plaintiff is entitled.

    C.  Terms of Judgment

    Plaintiff requests statutory damages and attorney's fees under Title III of the ADA and the Unruh Civil Rights Act, along with injunctive relief.

    *1.  Attorney's Fees*

    Attorney's fee awards are calculated using the "lodestar" method whereby the hours reasonably spent in the litigation are multiplied by a reasonable hourly rate.  Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (per curium).  The hourly rate is generally calculated "according to the prevailing market rates in the relevant community."  Blum v. Stenson, 465 U.S. 886, 895, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984).  It is also the general rule that the court will use the rates of attorneys practicing in the forum district.  Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992).

    Plaintiff requests attorney fees at hourly rates of $425 for senior partners, $375 for other counsel, and $75-100 for paralegal work for a total fee request of $4,037.57.  ECF No. 37-3 at 3. Plaintiff's counsel attempts to justify these rates by providing a declaration listing the qualifications of some (but not all) billing attorneys (ECF No. 37-3), but based on the typical rates in this district and the particular trajectory of this case, the court finds the rates unreasonable.  This case was delayed because counsel initially served the wrong defendant.  Once that issue was corrected and the proper defendant was served and defaulted, the case sat dormant until the undersigned issued an Order to Show Cause, forcing plaintiff's counsel to move for default judgment or take some other action.  ECF No. 36.  The court is not impressed with counsel's diligence in this action.

    Further, the vast majority of recent cases from this district have concluded that in light of prevailing rates within this district for comparable litigation, hourly rates of $300 for Mr. Potter and Mr. Handy, $250 for mid-level attorneys, and $150 for associates are reasonable.  See, e.g.,

7

Johnson v. Shree Rang, LLC, No. 2:18-cv-917 MCE EFB, 2020 WL 5202068, at *4 (E.D. Cal. Sept. 1, 2020), report and recommendation adopted, 2020 WL 5891675 (E.D. Cal. Oct. 5, 2020) (finding hourly rate of $300 for Potter and Handy, $250 for senior attorneys, and $150 for junior attorneys were reasonable); Johnson v. Wen Zhi Deng, No. 2:15-CV-02698 KJM EFB, 2019 WL 1098994, at *2 (E.D. Cal. Mar. 8, 2019); Johnson v. Pizano, 2019 WL 2499188, at *7 (E.D. Cal. June 17, 2019) (recommending "a reasonable hourly rate of $300 per hour for attorneys Potter and Handy, $250 for attorney Grace, and $150 for the less experienced associate."); Johnson v. Powers, No. 2:15-cv-245 WBS AC (PS), 2019 WL 2386063, at *1 (E.D. Cal. June 5, 2019); but see Johnson v. Bourbon Properties, LLC, No. 2:14-cv-2949 MCE AC, 2019 WL 1426340, at *3 (E.D. Cal. Mar. 29, 2019) (finding reasonable rates of $325 per hour for Mr. Potter and $175 per hour for Mr. Price).  This court agrees with the analysis in those cases and finds the above noted hourly rates to be reasonable.

     Here, counsel submitted a billing statement and an accompanying declaration explaining the qualifications of only some of the individuals on the billing statement. ECF No. 37-3.  The court will not award fees for hours completed by attorneys/paralegals for whom counsel did not provide information, because the court has no way to justify the lodestar amount.  Accordingly, the court finds that plaintiff is entitled to attorney fees as follows:

| Name | Rate/Hour | Hours | Total |
|---|---|---|---|
| Mark Potter | $ 300 | .74 | $ 222.00 |
| Russell Handy | $ 300 | 1.17 | $ 350.00 |
| Dennis Price | $ 250 | .1; .06; .08; .5; .4; .4; .02; .09 = (1.65) | $412.50 |
| Amanda Seabock | $ 250 | .51; .05; .05; .04; .07; .09; .05 = (.86) | $ 215.00 |
| Isabel Masanque | $ 250 | .41; .36 = (.77) | $ 192.50 |

| Andrew Schaeffer | $ 0 (no information) | .32 | $ 0 |
|---|---|---|---|
| Marcus Handy | $ 0 (no information) | .43 | $ 0 |
| Christina Carson | $ 0 (no information) | .76; .17; .02 | $ 0 |
| Ron Dacudao | $ 0 (no information) | .01 | $ 0 |
| TOTAL | | | $ 1,391.00 |

Plaintiff also seeks $964.32 in costs and litigation expenses. ECF No. 37-3 at 12. Section 12205 of the ADA provides that a district court, "in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. The statutory provisions of the ADA provide direct authority for the award of expert witness fees as litigation expenses under the ADA. See Lovell v. Chandler, 303 F.3d 1039, 1058 (9th Cir. 2002). The costs here include expenses for the court filing fee, costs of service, and an expert witness investigator fee, which are compensable pursuant to 42 U.S.C. § 12205 and Lovell, 303 F.3d at 1058. ECF No. 12-4 at 2. Plaintiff's request for costs in the amount of $964.32 for litigation costs and expenses is appropriate.

Accordingly, the undersigned will recommend that plaintiff be awarded a total of $1,391.00 in attorney's fees, along with $964.32 in filing fees and costs.

        *2. Statutory Damages*

The Unruh Civil Rights Act provides for, among other things, a minimum statutory damages amount of $4,000 per violation. Cal. Civ. Code § 52(a); Grove v. De La Cruz, 407 F. Supp. 2d 1126, 1133 (C.D. Cal. 2005) (the Unruh Act "provides for statutory damages up to a maximum of three times the actual damages but no less than $4,000 for each instance of discrimination"). Plaintiff asserts that he is entitled to $4,000.00, in statutory damages pursuant to the Cal. Civ. Code § 52(a). ECF No. 37-1 at 12. Plaintiff has sufficiently alleged facts indicating that he visited the Property on one occasion and encountered barriers that interfered with his ability to use and enjoy the goods, services, privileges, and accommodations offered each

9

time. ECF No. 1. Thus, plaintiff is entitled to $4,000 in statutory damages. Guedoir, 218 F. Supp. 3d at 1103.

### 3. *Injunctive Relief*

Plaintiff's complaint seeks an injunction requiring defendants to make changes and accommodations at the subject facility in a manner that achieves compliance with federal and state regulations. ECF No. 37-1 at 6. As the factual allegations in the complaint are taken as true, plaintiff is entitled to injunctive relief as requested pursuant to both state and federal law. See Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002) ("Damages are not recoverable under Title III of the ADA—only injunctive relief is available for violations of Title III.").

## IV. Conclusion

For the reasons explained above, it is hereby RECOMMENDED THAT:

1. Plaintiff's motion for default judgment (ECF No. 37) be GRANTED;

2. The court enter judgment against the defendants on the complaint's claims in the amount of $6,355.32 (comprising $4,000 in statutory damages and $1,391.00 in attorney's fees, along with $964.32 in filing fees and costs.);

3. Defendant make changes and accommodations at the subject at the Property located at or about 544 Alhambra Street, Vallejo, California, in compliance with the Americans with Disabilities Act Accessibility Guidelines.

4. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order.

Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998), as amended on denial of reh'g (Nov. 24, 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: March 5, 2021

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE